# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARTIN L. MAYO, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

APROPOS TECHNOLOGY, INC., KEVIN G. KERNS, MICHAEL J. PROFITA, PATRICK K. BRADY, CATHERINE R. BRADY, KEITH L. CRANDELL, IAN LARKIN, MAURICE A. COX, JR., GEORGE B. KOCH, JODY P. WACKER, WILLIAM W. BACH, HAMBRECHT & QUIST LLC, SG COWEN SECURITIES CORPORATION, U.S. BANCORP PIPER JAFFREY INC., CHASE SECURITIES INC., BANC OF AMERICA SECURITIES LLC, BEAR STEARNS & CO. INC., FIRST UNION SECURITIES, INC., ING BARINGS LLC, THOMAS WEISAL PARTNERS LLC, WARBURG DILLON READ LLC, CHATSWORTH SECURITIES, LLC, DAIN RAUSCHER INCORPORATED, E* OFFERING CORP., FIRST ALBANY CORPORATION, FIRST ANALYSIS SECURITIES CORPORATION, FIRST SECURITY VAN KASPAR, JEFFERIES & COMPANY INC., LEGG MASON WOOD WALKER, INCORPORATED, RAYMOND JAMES & ASSOCIATES, INC., SANDERS MORRIS MUNDAY INC. AND SANDS BROTHERS & CO., LTD..

Defendants.

01C 8406

Civil Action No. _____

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

DOCKETED
NOV 0 2 2001

JUDGE COAR

MAGISTRATE JUDGE
GERALDINE SOAT BROWN





Plaintiff, individually and on behalf of all others similarly situated, by his undersigned attorneys, for his Class Action Complaint, alleges upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, based upon an investigation made by and through counsel which included interviews with former employees of Apropos Technology, Inc. ("Apropos" or the "Company"), a review of the Company's press releases and public filings with the Securities and Exchange Commission (the "SEC"), and a review of news stories and other media coverage of the Company and its business.

## NATURE OF THE ACTION

1.      This is a securities class action on behalf of all persons and entities that purchased Apropos stock in or traceable to the Company's February 17, 2000 initial public offering (the "Offering"), or in the open market from February 17, 2000 through May 15, 2000 (the "Class").

2.      Apropos purports to develop, market and support a technology driven customer interaction management solution for multimedia contact centers.  In the Offering, the Company and the other defendants sold more than 3.7 million shares to the investing public, raising more than $87 million.

3.      As detailed below, the Registration Statement and Prospectus for the Offering contained material misrepresentations and omissions regarding the role that two of the Company's co-founders - defendants Patrick K. Brady and William W. Bach - played in the Company at that time.  Specifically, the Prospectus misrepresented that these two were active members of the executive management team and the Company's most senior technology officers.  Brady was listed as "Chief Technology Officer" and Bach was listed as "Vice President, Technology."

4.      These representations were materially false and misleading. At the time of the Offering, Brady was not involved in the management of the Company or its technological direction. More than six months before the Offering, just prior to and during the Company's July 1999 Board of Directors meeting, defendant Brady had several power struggles and confrontations with defendant Kevin G. Kerns, the President and Chief Executive Officer ("CEO") of the Company. His efforts to regain control over the Company were unsuccessful, and shortly after the Board meeting, Kerns effectively pushed Brady out of the Company. He no longer maintained an office at the Company's corporate offices. No employees reported to him. He had no further ongoing involvement in the day-to-day affairs of the Company. He had no real involvement in the management of the Company or the development of its business and technology.

5.      Similarly, at the time of the Offering, Bach had no real executive managerial responsibility in the Company, and had no management or leadership role in the Company's core technology development. Approximately nine (9) months prior to the Offering, in a move politically orchestrated to get Bach to quit the Company, Kerns effectively demoted Bach to a previously non-existent, subordinate position where he was responsible for creating interfaces and integrations with some of the Company's application partners. In this downgraded position, Bach had few employees reporting to him and had no role whatsoever in leading or managing the development of the Company's core technology.

6.      These misrepresentations were material. The Prospectus touted the Company's proprietary technology and its importance to the future success of the Company, as well as the importance of retaining key technical personnel. As a technology company whose business plan and future success depended heavily on proprietary technology, investors considered it important

3

that the Apropos founders – the people who developed and patented the proprietary technology – still believed in the Company, its business and its technology.

7.     Indeed, in their initial analyst reports – initiating coverage and recommending that investors purchase Apropos stock – the underwriter defendants touted the Company's "solid management team," including Brady's and Bach's technical backgrounds and experience, their past contributions to the Company and their current management positions.

8.     The Company's website still falsely portrays Brady as responsible for "on-going specification, software engineering management, quality assurance and documentation."

9.     Plaintiffs and the other Class members have lost tens of millions of dollars as a result of these material misrepresentations and omissions in the Prospectus.

## JURISDICTION AND VENUE

10.     This action arises under sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l and 77o.

11.     This Court has jurisdiction over the subject matter of this action pursuant to section 22(a) of the Securities Act, 15 U.S.C. §77v(a); and sections 1331 and 1337(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1337(a).

12.     Venue is proper in this District under section 22 of the Securities Act.  The wrongs alleged in this Complaint occurred, in substantial part, in this district, including the offer and sale of securities and the preparation and dissemination to the investing public of false and misleading information, included in the Registration Statement and Prospectus pursuant to which securities were offered.

13.     In connection with the acts, conduct and other wrongs complained of herein, the defendants, directly and indirectly, used the means and instrumentalities of interstate commerce and the United States mails and the facilities of the national securities markets.

**PARTIES**

14.     Plaintiff Martin L. Mayo purchased Apropos stock in or traceable to the Offering and in the open market between February 17, 2000 and May 15, 2000, as set forth in the attached certification, and suffered harm as a result.

**THE APROPOS DEFENDANTS.**

15.     Defendant Apropos is an Illinois corporation with its principal office at One Tower Lane, 28th Floor, Oakbrook Terrace, Illinois.  Apropos' common stock is listed and traded on the NASDAQ under the symbol "APRS."

16.     At all relevant times, Defendant Kevin G. Kerns ("Kerns") was the President, CEO and Director of Apropos.  He signed the Registration Statement.

17.     At all relevant times, Defendant Michael J. Profita ("Profita") was the Chief Financial Officer and Vice President, Finance of Apropos.  He signed the Registration Statement.

18.     At all relevant times, Defendant Patrick K. Brady ("Patrick Brady") was a Director of Apropos.  He signed the Registration Statement.

19.     At all relevant times, Defendant Catherine R. Brady ("Catherine Brady") was a Director of Apropos.  She signed the Registration Statement.

20.     At all relevant times, Defendant Keith L. Crandell ("Crandell") was a Director of Apropos.  He signed the Registration Statement.

21.     At all relevant times, Defendant Ian Larkin ("Larkin") was a Director of Apropos. He signed the Registration Statement.

22.     At all relevant times, Defendant Maurice A. Cox, Jr. ("Cox") was a Director of Apropos.  He signed the Registration Statement.

23.     At all relevant times, Defendant Jody P. Wacker ("Wacker") was the Vice President, Marketing of Apropos.

24.     At all relevant times, Defendant William W. Bach ("Bach") was the Vice President, Technology of Apropos.

25.     In this complaint, defendants Kerns, Profita, Patrick Brady, Catherine Brady, Crandell, Larkin, Cox, Wacker and Bach are collectively referred to as the "Individual Defendants."

**THE UNDERWRITER DEFENDANTS.**

26.     Defendant Chase Securities Inc. ("Chase") was a lead underwriter for the Offering and was involved in selling shares of Apropos to the public.  Chase maintains its principal place of business in New York, New York.

27.     Defendant SG Cowen Securities Corporation ("SG Cowen") was a lead underwriter for the Offering and was involved in selling shares of Apropos to the public.  SG Cowen maintains its principal place of business in New York, New York.

28.     Defendant U.S. Bancorp Piper Jaffray Inc. ("U.S. Bancorp") was a lead underwriter for the Offering and was involved in selling shares of Apropos to the public.  U.S. Bancorp maintains its principal place of business in Minneapolis, Minnesota.

29.     In this complaint, defendants Chase, SG Cowen and U.S. Bancorp are collectively referred to as the "Lead Underwriter Defendants."

30.     Defendant Banc of America Securities LLC ("Banc of America") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Banc of America maintains its principal place of business in San Francisco, California.

31.     Defendant Bear Stearns & Co. Inc. ("Bear Stearns") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Bear Stearns maintains its principal place of business in New York, New York.

32.     Defendant First Union Securities, Inc. ("First Union") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. First Union maintains its principal place of business in Richmond, Virginia.

33.     Defendant ING Barings LLC ("ING Barings") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. ING Barings maintains its principal place of business in New York, New York.

34.     Defendant Thomas Weisal Partners LLC ("Thomas") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Thomas maintains its principal place of business in San Francisco, California.

35.     Defendant Warburg Dillon Read LLC ("Warburg") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Warburg maintains its principal place of business in Stamford, Connecticut.

36.     Defendant Chatsworth Securities, LLC ("Chatsworth") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Chatsworth maintains its principal place of business in Greenwich, Connecticut.

37.     Defendant Dain Rauscher Incorporated ("Dain") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Dain maintains its principal place of business in Minneapolis, Minnesota.

38.     Defendant E* Offering Corp. ("E* Offering") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. E* Offering maintains its principal place of business in San Francisco, California.

39.     Defendant First Albany Corporation ("First Albany") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. First Albany maintains its principal place of business in Albany, New York.

40.     Defendant First Analysis Securities Corporation ("First Analysis") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. First Analysis maintains its principal place of business in Chicago, Illinois.

41.     Defendant First Security Van Kaspar ("First Security") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. First Security maintains its principal place of business in San Francisco, California.

42.     Defendant Jefferies & Company Inc. ("Jefferies") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Jefferies maintains its principal place of business in New York, New York.

43.     Defendant Legg Mason Wood Walker, Incorporated ("Legg Mason") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Legg Mason maintains its principal place of business in Baltimore, Maryland.

44.    Defendant Raymond James & Associates, Inc. ("Raymond James") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Raymond James maintains its principal place of business in St. Petersburg, Florida.

45.    Defendant Sanders Morris Munday Inc. ("Sanders Morris") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Sanders Morris maintains its principal place of business in Houston, Texas.

46.    Defendant Sands Brothers & Co., Ltd. ("Sands Brothers") was an underwriter for the Offering and was involved in selling shares of Apropos to the public. Sands Brothers maintains its principal place of business in New York, New York.

47.    In this complaint, defendants Chase, SG Cowen, U.S. Bancorp, Banc of America, Bear Stearns, First Union, ING Barings, Thomas, Warburg, Chatsworth, Dain, E* Offering, First Albany, First Analysis, First Security, Jefferies, Legg Mason, Raymond James, Sanders Morris, and Sands Brothers are collectively referred to as the "Underwriter Defendants."

## CLASS ALLEGATIONS

48.    Pursuant to rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, plaintiff brings this action on behalf of the Class defined above. Excluded from the Class are the defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of Apropos or the Underwriter Defendants, and the directors and officers of Apropos or of the Underwriter Defendants, any of their subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, as well as the legal representatives, heirs, successors and assigns of any excluded person.

49.    Joinder of all class members is impracticable. While the exact number and names of the members of the Class is presently unknown to plaintiff and can only be ascertained

9

through appropriate discovery, Plaintiff believes that there are thousands of persons in the Class. Pursuant to the Offering, Apropos issued 3,977,000 shares of common stock to thousands of investors.

50.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class sustained damages as a result of the violations of the Securities Act.

51.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and securities litigation.

52.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members individually to seek redress for the wrongful conduct alleged herein.

53.     Common questions of law and fact exist as to all members of the Class and predominate over any question affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a.      whether sections 11 and 12(a)(2) of the Securities Act were violated by the defendants' acts as alleged herein;

b.      whether the Individual Defendants are "control persons" within the meaning of the Securities Act;

c.      whether the Registration Statement and Prospectus contained material misrepresentations or omitted facts that needed to be included to make the representations therein not misleading; and

d.     whether Plaintiff and the other members of the Class have sustained damages and, if so, the proper measure of those damages.

54.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

55.     The names and addresses of the purchasers of Apropos pursuant to the Offering and during the Class Period are available from Apropos' transfer agent. Notice can be provided to such record owners via first class mail using technique and a form of notice similar to those customarily used in class actions.

## SUBSTANTIVE ALLEGATIONS

51.     The Registration Statement was a registration statement within the meaning of the Securities Act. The Prospectus was a prospectus within the meaning of the Securities Act.

56.     Pursuant to the Registration Statement, Apropos and the other defendants sold 3,700,000 shares of common stock to the investing public at $22 per share, raising more than $87 million. Pursuant to an over-allotment option, they sold an additional 277,500 shares of stock at the same price.

52.     Defendants Brady and Bach are two of the Company's co-founders. Brady is generally known within the Company as the "genius" behind Apropos' technology, while Bach is credited with having produced the code for the Company's key product.

53.     As detailed below, the Registration Statement and Prospectus for the Offering contained material misrepresentations and omissions regarding the role that Brady and Bach played in the Company at that time. Specifically, the Prospectus misrepresented that these two were active members of the executive management team and the Company's most senior technology officers.

54.     In July 1999, Brady failed in an effort to have the Company's Board of Directors oust Kern from the Company, after two venture capitalist directors sided with Kern. As a result, Brady packed up his office and stopped reporting for work, effectively ending his tenure as CTO. Despite the fact that Patrick Brady kept the nominal title of CTO until his employment contract expired one month after the IPO, he was not actually performing any management functions at the time of the IPO. He no longer had an office at the Company. No employees reported to him. He had no involvement in the day-to-day affairs of the Company. He had no involvement in the development of its business and technology.

55.     At about the same time, Bach also fell out of favor with Kern. Kern limited Bach's role in the Company to heading a small group of two employees responsible for designing and implementing customer interfaces. At the time of the Offering, Bach had role whatsoever in technology development or planning for the Company. Kern's demotion of Bach was an attempt to force Bach to resign rather than openly terminating his employment.

56.     At the time of the IPO, the Company's technology and development departments were in disarray. After Brady's departure, Kern took on the CTO's functions, requiring five department heads – Features, Architecture, Documentation, Quality Assurance, and Internationalization & Local – to report directly to him. However, Kern had marketing background, not a technical one. As a result, he was not able to effectively perform the CTO functions. Throughout the seven-month period leading up to the Offering, Kern was actively but unsuccessfully searching for a permanent CTO. With the date for the planned Offering approaching, Kern told employees that he felt "under fire" from the underwriters to find a CTO.

57.     In November and December of 1999, with the CTO situation unresolved, senior management and the Underwriters began preparing the IPO and drafting the Prospectus. At the

time, Kerns was actively interviewing potential CTO candidates and the lack of a technology head was a topic of conversation and concern within the Company, including specific conversations among the Individual Defendants and with the Underwriter Defendants. As part of their due diligence in putting together the Prospectus, the Underwriter Defendants interviewed the members of executive management team and reviewed their bios, including those for Brady and Bach. Despite the fact that Brady had effectively resigned as CTO, that the Company was then actively searching for a new CTO, and that Kearns was then serving as interim CTO, the Individual Defendants and the Underwriter Defendants falsely portrayed Brady and Bach in the Prospectus as active participants in the executive management and the Company's senior technology officers.

58.     The section of the Prospectus entitled "MANAGEMENT: Executive Officers and Directors," on pages 39 through 41 of the Prospectus (references to the Prospectus are abbreviated as "Pros. p."), listed Patrick Brady as "Director and Chief Technology Officer" and Bach as "Vice President, Technology." The section further provided, in pertinent part:

> Patrick K. Brady co-founded Apropos in March 1989. Mr. Brady served as Chief Executive Officer and Chief Technology Officer until December 1998. Since then, he has served as our Chief Technology Officer.
>
> . . .
>
> William W. Bach joined Apropos full-time in 1995 as Vice President, Engineering, after providing two years of assistance to Mr. Brady with respect to product research, design and development. In March 1999, Mr. Bach was appointed Vice President, Technology.

59.     These misrepresentations were material. As a technology start-up, investors considered it important that the Company's founders – the people who developed and patented the technology so important to future success – still believed in the Company and its business.

60.     The Prospectus touted the Company's proprietary technology and stressed its

importance to its future success.  Such statements are found throughout the Prospectus including,

but not limited to, the following:

> [Pros. p. 5]  We believe our future business prospects depend in large part on our ability
> to maintain and improve our current product and to develop new products and product
> features on a timely basis. ...
>
> [Pros. p. 7]  We regard our product as proprietary.
>
> [Pros. p. 29]  Our strategy is to become the leading provider of customer interaction
> management solutions for multimedia contact centers.  The key elements of our strategy
> are to:
>
>> Expand our leading technology position.  We have significant technical expertise
>> in the field of customer interaction management.  Our product is designed to be
>> interoperable with most communications systems and business applications and
>> scaleable through our modular architecture.  We have a patented visual queuing
>> capability and we believe we were one of the first companies to develop and offer
>> a software-based, skills-based automatic call distribution capability and an
>> integrated multimedia customer interaction management system.  We will
>> continue to make significant investments in research and development in our
>> effort to maintain our leadership position.
>
> [Pros. p. 35]  Our software is based on our proprietary distributed component-based
> architecture.
>
> [Pros. p. 36]  We believe that our product development capabilities are essential to our
> strategy of expanding our leading technology position.
>
> [Pros. p. F-7]  The Company's core competency is its skill in developing advanced
> software applications and successfully linking those applications to a number of
> telephone systems, networks, and databases.

61.     The Company's key technical people, including Brady and Bach, were also

important to investors.  Indeed, in their initial analyst reports – initiating coverage and

recommending that investors purchase Apropos stock – the Underwriter Defendants touted the

Company's "solid management team," including Brady's and Bach's technical backgrounds and

experience, their past contributions to the Company and their current management positions.

62.     For example, on March 21, 2000, Rehan A. Syed of SG Cowen issued an analyst report, "initiating coverage on Apropos with a Buy rating." In his analysis, Syed cites Apropos' "solid management team" as a reason for the buy rating, specifically mentioning Brady's and Bach's technical experience, their contributions to the Company and their current management positions. Syed noted that Brady was, at the time, Apropos' current CTO and that Bach was the Company's current Vice President, Technology.

63.     Similarly, on April 4, 2000, Reginal King of Chase issued an analyst report rating Apropos a "BUY." In his analysis of the Company, King cited Apropos' commitment to "building a world-class management team and secur[ing] the services of several highly respected technology executives . . .." King specifically outlined both Brady's and Bach's technical experience, contributions to the Company and current management positions. King noted that Brady was, at the time, Apropos' current CTO and that Bach was the Company's current Vice President, Technology. King noted that Bach "[a]ssisted in the product research, design and development of Apropos' product with Patrick Brady," as represented in the Prospectus.

64.     The Company's web site continues to falsely portray Bach as "Vice President, Technology." It also cites Bach's technical contribution to the core technology, stating, in pertinent part:

> Mr. Bach officially joined Apropos full-time in 1995 after providing two years of assistance with product research, design and development. He is currently responsible for on-going product specification, software engineering management, quality assurance and documentation.

65.     In sum, the above-quoted statements in the Registration Statement and Prospectus were materially false and misleading because neither Patrick Brady nor Bach actually performed the duties of senior technology officers at the time of the Offering. Plaintiff and other Class

members have suffered millions of dollars in damages as a result of the defendants' violations of the federal securities laws.

## COUNT I

### AGAINST ALL DEFENDANTS FOR VIOLATING SECTION 11 OF THE SECURITIES ACT

66. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint as if fully set forth herein.

67. This Count is brought by plaintiff pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class against all of the defendants.

68. The Registration Statement, of which the Prospectus was a part and which became effective on or about February 17, 2000, was materially false and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements therein not misleading, and failed to disclose adequately material facts concerning the role that Brady and Bach had in the Company at the time of the Offering.

69. Plaintiff acquired shares of Apropos in or traceable to the Offering.

70. Plaintiff and the other members of the Class did not know of the material omissions or false and misleading statements in those documents when they purchased their stock.

71. Apropos was the registrant for the securities issued pursuant to the Registration Statement and is strictly liable to plaintiff and the other members of the Class for those material misrepresentations and omissions in the Registration Statement, including Prospectus. The Individual Defendants signed or were involved in the preparation of the Registration Statement, participated in road shows and other events relating to the Offering or were otherwise direct

participants in the violations. The Underwriter Defendants were the underwriters with respect to the common stock sold in the Offering within the meaning of the Securities Act.

72.     By reason of the foregoing, pursuant to Section 11 of the Securities Act, each defendant is liable to Plaintiff and the other members of the Class for the difference between the price paid for the Apropos common stock bought and either the current value of such common stock if currently held by plaintiff or the Class member, or the price at which such common stock was disposed of in the market if disposed of before the commencement of this action.

73.     This action is being brought within one year after the discovery of the untrue statements and omissions and within three years after Apropos common stock was issued to the public in the Offering.

### COUNT II

#### AGAINST ALL DEFENDANTS FOR
#### VIOLATING SECTION 12(a)(2) OF THE SECURITIES ACT

74.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint as if fully set forth herein.

75.     This Count is brought by Plaintiff pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l, on behalf of the Class against all the defendants.

76.     The Company offered and issued shares of Apropos common stock by means of the Registration Statement, including Prospectus. The Prospectus contained untrue statements of material facts and omitted to state material facts required to be stated therein or necessary to make the statements made in the Prospectus not misleading, all as detailed above.

77.     The Offering material included untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, as set forth with greater particularity herein. The

defendants' actions of solicitation include participating in the preparation of the false and misleading Registration Statement and Prospectus.

78.     Plaintiff and the other members of the Class did not know of any of the untruthful statements and omissions alleged herein, and in the exercise of reasonable care could not have known them.

79.     This action is commenced within three years of the public offering and within one year of the time plaintiff and the other Class members who purchased the stock discovered or reasonably could have discovered the existence of the untrue statements by exercising due diligence.

80.     Plaintiff and the other Class members hereby tender their common stock to the defendants and seek rescission of their purchases to the extent that they continue to own such securities.

## COUNT III

### AGAINST THE INDIVIDUAL DEFENDANTS
### FOR VIOLATIONS OF SECTION 15 OF THE SECURITIES ACT

81.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint as if fully set forth herein.

82.     This Count is brought by Plaintiff pursuant to Section 15 of the Securities Act, 15 U.S.C. §77o, on behalf of the Class against the Individual Defendants.

83.     The Individual Defendants acted as controlling persons of Apropos within the meaning of Section 15 of the Securities Act.  By virtue of their high level positions at Apropos, participation in and/or awareness of the Company's operations and/or intimate knowledge of the Company's financial condition, products and the actual progress of its development and marketing efforts, the Individual Defendant had the power to influence and control and did

influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the Prospectus which Plaintiff alleges is false and misleading.

84.     Pursuant to Section 15 of the Securities Act, by virtue of their positions as controlling persons, the Individual Defendants are liable, jointly and severally, with and to the same extent as the Company for the Company's aforesaid violations of Section 15 of the Securities Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

A.     Declaring this action to be a class action maintainable pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiff to be a proper representative of the Class;

B.     On the claims for relief, awarding plaintiff and the other members of the Class damages in accordance with the federal securities laws in an amount to be determined at trial;

C.     Awarding plaintiff and the other members of the Class their costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

D.     Awarding plaintiff and the members of the Class such other and further relief, including injunctive and equitable relief, as may be just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues that may be so tried.

Dated: November 1, 2001

**RESPECTFULLY SUBMITTED,**

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**

Patrick V. Dahlstrom
One North LaSalle Street
Suite 2225
Chicago, Illinois 60602
Telephone: (312) 377-1181

**BERMAN, DEVALERIO, PEASE, TABACCO, BURT & PUCILLO, LLP**
Jeffrey C. Block
Michael G. Lange
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven – Federal Bar No. 00967
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, MD 21202
Telephone: (410) 332-0030

**Attorneys for Plaintiff**

Bdp/p/AproposCmptmglaversion

20

## PLAINTIFF'S CERTIFICATION

Martin L. Mayo ("Plaintiff"), declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.     Plaintiff has reviewed the complaint and authorized its filing.

2.     Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.     Plaintiff's transactions in Apropos Technology, Inc. securities during the Class Period are as follows:

(Complete only one trade per line; place any additional trades on the attached sheet)

| # of Securities Purchased | # of Securities Sold | Price Per Share | Date of Purchase/Sale |
|---|---|---|---|
| 100 | | 54.25 | 2/17/00 |
| 400 | | 54 5/8 | 2/17/00 |
| 200 | | 54 1/8 | 2/17/00 |

5.     During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class under the federal securities laws.

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of October 2001.

_Martin L. Mayo_
Martin L. Mayo

# ATTACHMENT TO CERTIFICATION

## Apropos Technology, Inc. Securities Litigation

Name: Martin L. Mayo

(please complete only one trade per line)

| # of Securities Purchased | # of Securities Sold | Price Per Share | Date of Purchase/Sale |
|---|---|---|---|
| 300 | | 54 3/16 | 2/17/00 |
| 100 | | 36.75 | 3/28/00 |
| 100 | | 37.5 | 3/30/00 |
| 50 | | 31.75 | 3/30/00 |
| 100 | | 30 | 3/30/00 |
| 100 | | 18.75 | 4/4/00 |
| 50 | | 16 15/16 | 4/4/00 |
| 100 | | 10 | 4/14/00 |
| | | | |
| | 400 | 47 1/4 | 2/17/00 |
| | 100 | 47 | 2/17/00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Civil Cover Sheet                                            http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet



DOCKETED
NOV 0 2 2001

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.



**Plaintiff(s): Martin L. Mayo**

**Defendant(s):Apropos Technology, Inc., Kevin G. Kerns, Michael J. Profita, Patrick K. Brady, Catherine R. Brady, Keith L. Crandell, Ian Larkin, Maurice A. Cox, Jr., George B. Koch, Jody P. Wacker, William W. Bach, Hambrecht & Quist LLC, SG Cowen Securities Corporation, U.S. Bancorp Piper Jaffrey Inc., Chase Securities Inc., Banc of America Securities LLC, Bear Stearns & Co. Inc., First Union Securities, Inc., Ing Barings LLC, Thomas Weisal Partners LLC, Warburg Dillon Read LLC, Chatsworth Securities, LLC, Dain Rauscher Incorporated, E\* Offering Corp., First Albany Corporation, First Analysis Securities Corporation, First Security Van Kaspar, Jeffries & Company Inc., Legg Mason Wood Walker, Incorporated, Raymond James & Associates, Inc., Sanders Morris Munday Inc. and Sands Brothers & Co., LTD..**

County of Residence: Lake (Florida)

County of Residence:

Plaintiff's Atty: Patrick V. Dahlstrom
Pomerantz Haudek Block
Grossman & Gross
One North LaSalle Street, Suite
2225, Chicago, IL 60602
(312) 377-1181

Defendant's Atty:

# 01C  8406

## JUDGE COAR

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

01 NOV -1 PM 4: 12
U.S. DISTRICT COURT
CLERK

FILED-ED4



http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm

II. Basis of Jurisdiction:        **3. Federal Question (U.S. not a party)**

III. Citizenship of Principle
Parties **(Diversity Cases Only)**
                         Plaintiff:- **N/A**
                         Defendant:- **N/A**

IV. Origin :                      **1. Original Proceeding**

V. Nature of Suit:                **850 Securities / Commodities / Exchange**

VI. Cause of Action:              **Section 22 of the Securities Act of 1933, under Sections 11, 12(a)(2)
                                  and 15 of the Securities Act, and 15 of the Securities Act, 15 U.S.C.
                                  77k, 77l(a)(2) and 77o.**

VII. Requested in Complaint
                         Class Action: **Yes**
                         Dollar Demand:
                         Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:  _/s/ John_

Date:  _November 1, 2001_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.
Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font
size in your browser display to make the form print properly.**              **Revised: 06/28/00**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Mayo v. Apropos Technology, Inc., et al.

**DOCKETED**

NOV 0 2 2001

Case Number **01C 8406**

JUDGE COAR

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff Martin L. Mayo

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Patrick V. Dahlstrom | NAME Jeffrey C. Block |
| FIRM Pomerantz Haudek Block Grossman & Gross LLP | FIRM Berman DeValerio Pease Tabacco Burt & Pucillo |
| STREET ADDRESS One North LaSalle Street, Suite 2225 | STREET ADDRESS One Liberty Square |
| CITY/STATE/ZIP Chicago, Illinois 60602 | CITY/STATE/ZIP Boston, Massachusetts 02109 |
| TELEPHONE NUMBER 377-1181   FAX NUMBER 377-1184 | TELEPHONE NUMBER (617) 542-8300   FAX NU (617)542-1194 |
| E-MAIL ADDRESS pdahlstrom @pomlaw.com | E-MAIL ADDRESS jblock@bermanesq.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6269196 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☒ | MEMBER OF TRIAL BAR?   YES ☐   NO ☒ |
| TRIAL ATTORNEY?   YES ☒   NO ☐ | TRIAL ATTORNEY?   YES ☒   NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE Michael G. Lange /pvd | SIGNATURE Charles J. Piven / pvd |
| NAME Michael G. Lange | NAME Charles J. Piven |
| FIRM Berman DeValerio Pease Tabacco Burt & Pucillo | FIRM Law Offices of Charles J. Piven, P.A. |
| STREET ADDRESS One Liberty Square | STREET ADDRESS 401 East Pratt Street, Suite 2525 |
| CITY/STATE/ZIP Boston, Massachusetts 02109 | CITY/STATE/ZIP Baltimore, Maryland 21202 |
| TELEPHONE NUMBER (617) 542-8300   FAX NU (617) 542-1194 | TELEPHONE NUMBER (410) 332-0030   FAX NUMBER |
| E-MAIL ADDRESS mlange@bermanesq.com | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☒ | MEMBER OF TRIAL BAR?   YES ☐   NO ☒ |
| TRIAL ATTORNEY?   YES ☒   NO ☐ | TRIAL ATTORNEY?   YES ☒   NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☒ | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |