## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8406 | **DATE** | 2/6/2002 |
| **CASE TITLE** | Martin L. Mayo, on behalf of himself and others similarly situated vs. Apropos Technology, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, this court has determined that Clive T. Miller shall be the lead plaintiff in these cases and lead and liaison counsel shall chosen subsequent to a hearing. [Doc. # 8,10,13,14,15].

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| ✓ No notices required, advised in open court. | | Document Number |
| No notices required. | number of notices | |
| Notices mailed by judge's staff. | FEB 0 7 2002 | |
| Notified counsel by telephone. | date docketed | 78 |
| Docketing to mail notices. | | |
| Mail AO 450 form. | docketing deputy initials | |
| Copy to judge/magistrate judge. | | |
| vg(lc) courtroom deputy's initials | 02 FEB -6 PM 4:53 FILED date mailed notice | mailing deputy initials |
| | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Martin L. Mayo, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 01 C 8406 ) ) HONORABLE DAVID H. COAR |
| Apropos Technology, Inc., et. al. | ) ) |
| Defendants. | ) |

DOCKETED
FEB 7 2002

## MEMORANDUM OPINION AND ORDER

Presently pending in this district are six related securities fraud class actions (the "Related Cases") brought against Apropos Technology, Inc. ("Apropos" or the "Company"), certain of the Company's officers and directors and certain underwriters of the Company's February 2000 initial public offering (collectively "defendants") for violations for Sections 11, 129a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l and 77o.[1]

This court has been presented with two competing motions for appointment of lead plaintiff is these cases: (1) the Motion of Martin L. Mayo, Barry R. McDermott and Murray H. Seltzer To Relate and Consolidate All Actions, To Appoint Lead Plaintiff And To Appoint Lead and Liaison Counsel (the "Mayo Motion"), pursuant to which three unrelated individuals seek

---

[1] The related cases are Martin L. Mayo v. Apropos Technology, Inc., et. al., Case No. 01-CV-8406; Jagjit Gulati v. Apropos Technology, Inc., et. al., Case No. 01 CV-8571; Jimmy Chin v. Apropos Technology, Inc., et. al., Case No. 01-CV-8737; Boris Malamud v. Apropos Technology, Inc., et. al., Case No. 01-CV-8818; Linc Corp. v. Apropos Technology, Inc., et. al., Case No. 01-CV-9219; and Barry R. McDermott v. Apropos Techonology, Inc., et. al., Case No. 01-CV-9807.

1

appointment as "lead plaintiff"; and (2) the Motion of Clive T. Miller for Consolidation, Appointment As Lead Plaintiff And Approval Of Selection of Lead and Liaison Counsel (the "Miller Motion"). For the following reasons, this court has determined that Clive T. Miller shall be the lead plaintiff in these cases and lead counsel shall chosen subsequent to a hearing.

## Background

Apropos is an Illinois corporation with its principle office at One Tower Lane, 28th Floor, Oakbrook Terrace, Illinois. Apropos purports to develop, market and support a technology driven customer interaction management solution for multimedia contact centers.

The complaint before this court is a class action on behalf of all persons who purchased the common stock of Apropos in or traceable to the Company's February 17, 2000 initial public offering (the "Offering") and in the open market during the period February 17, 2000 through and including April 10, 2001 (the "Class Period") to recover damages allegedly caused by the defendants' violations of Sections 11, 12(a) and 15 of the Securities Act of 1933 and related SEC regulations. Specifically, the plaintiffs allege that the registration statement and prospectus for the Offering contained material misrepresentations and omissions regarding the role that two of the Company's co-founders - defendants Patrick K. Brady and William W. Bach - played in the Company at the time of the Offering.

Plaintiff Mayo, through his attorneys Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio"), commenced the first securities fraud class action against Apropos on November 1, 2001. On that same day, Berman DeValerio published notice over a national business-oriented wire service, PR Newswire, advising members of the proposed class of their right to move to serve as lead plaintiff or plaintiffs no later than sixty (60) days form the issuance

of the notice. The November 1, 2001 notice was printed verbatim by *Dow Jones*, *Lexis/Nexis* and *Westlaw*. On November 15, 2001, Berger & Montague, P.C. published notice over a national business-oriented wire service, PrimeZone, announcing that the Class Period had been extended to April 10, 2001 and advising members of the proposed class of their right to move to serve as lead plaintiff or plaintiffs no later than sixty (60) days from the issuance of the November 1, 2001 notice. The November 15, 2001 notice was printed verbatim by *Dow Jones*, *Lexis/Nexis* and *Westlaw*. On November 18, 2001, Berger & Montague, P.C. published a second notice over a national business-oriented wire service, PRNewswire, advising members fo the proposed class of their right to move to serve as lead plaintiff or plaintiffs no later than sixty (60) days from the issuance of the November 1, 2001 notice. The November 18, 2001 notice was printed verbatim by *Dow Jones*, *Lexis/Nexis* and *Westlaw*.

Plaintiff Miller, through his attorneys Stull, Stull & Brody ("Stull") filed his motion to serve as lead plaintiff on January 2, 2002.

**Analysis**

A. **Consolidation**

Both the Mayo Motion as well as the Miller Motion argue that the Related Cases involve central issues of fact and law, in which the questions are complex and numerous and would be served by resolution through a common hearing. This court agrees.

Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). Given that each of the above Related Cases involve class action claims on behalf of the purchasers of Apropos common stock and assert essentially similar and overlapping class claims

fo relief brought on behalf of purchasers of Apropos common stock, consolidation of such actions by the same judge would result in a substantial saving of judicial time and effort. The Related Cases are hereby consolidated for pre-trial purposes by this court. The question of whether they should be consolidated for trial will be reserved until later.

**B. Appointment of Lead Plaintiff and Lead Counsel**

The 1995 Private Securities Litigation Reform Act ("PSLRA" or "Reform Act") was enacted by Congress to curb perceived abuses in the litigation process--widespread initiation and manipulation--of securities class-actions by "professional" plaintiffs and lawyers. The Reform Act establishes a presumption that among the parties seeking to lead the class, the persons or group of persons with "the largest financial interest in the relief sought by the class" is the "most adequate plaintiff" to do so. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). That plaintiff then selects counsel to represent the class. 15 U.S.C. § 77z-1(a)(3)(B)(v). The goal of this scheme is to "increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel." H.R.Rep. No. 104-369 at 32 (1995) reprinted in 1996 U.S.C.C.A.N. at 731. Its underlying assumption is that the plaintiff or plaintiff group with the strongest financial interest will pursue the claims with the greatest vigor and will have both the interest and the clout to engage qualified counsel at the best rates for the class. The court is then charged with ensuring that the reality of the case accords with these assumptions. Thus, the lead plaintiff presumption is rebuttable, 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), and that party's selection of counsel subject to court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). See In re Cendant Corp. Litigation, 182 F.R.D. 144, 145-146 (D.N.J. 1998); Greebel v. FTP Software, 939 F.Supp.

4

57, 64 (D.Mass 1996);

*1. Lead Plaintiff under the PSLRA*

The PSLRA instructs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). To this end, the statute sets forth a presumption that the most adequate plaintiff in an private action arising under this subchapter is the person or group of persons that–

> (aa) has either filed the complaint or made a motion in response to a notice under *147 subparagraph (A)(i);[2]
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). It further provides that

> [t]he presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--
>
> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

---

[2] Under the statute, plaintiffs must publicize the pendency of the action within 20 days of the filing of the complaint. 15 U.S.C.A. § 77z-1(a)(3)(A)(i). Within 60 days of such publication, any member of the purported class may then petition the court to serve as lead plaintiffs. Id.

5

In this case, plaintiff Miller most sufficiently meets the requirements for lead plaintiff under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and is therefore appointed as lead plaintiff in the present matter.[3]

The PSLRA directs this Court to presume that the "most adequate plaintiff" is the "person of group of persons that "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, at *7 (N.D. Ill. Aug. 6, 1997). Although the PLSRA does not specify the way in which a court should calculate the "largest financial interest," this court has identified at least four factors that are relevant to the inquiry:

> (1) the number of shares purchased; (2)the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs.

Lax, 1997 U.S. Dist. LEXIS 11866, at *17. See also In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 413, (D.N.J. 1998).

Measured by these criteria, plaintiff Miller undoubtedly has the "largest financial interest" in the relief sought by the Class. According to Miller's certification, he purchased 6,000 shares of the Company's stock for a total cost of $196,337.50 and has suffered estimated Section 11 damages of $91,168.75 as a result of the defendants' alleged misconduct.[4] By contrast, during

---

[3] As procedurally required, plaintiff Miller timely filed his motion to be appointed lead plaintiff on January 2, 2002. (The time period in which class members may have moved to be appointed lead plaintiff under 15 U.S.C. § 77z-1(a)(3)(II) expired on January 2, 2002). In addition, Miller duly signed and filed a certification stating that he has reviewed the complaint filed in the action and is willing to serve as a representative party on behalf of the Class, and he has selected counsel to represent himself as well as the class.

[4] Both parties have raised issues regarding standing to bring actions pursuant to Section 12(a)(2) of the Securities Act. That issue will be considered at a later, more relevant date.

the Class Period, the Mayo plaintiffs collectively purchased 5,510 shares of the Company's stock for a total costs of $146,711.875 and have suffered collective estimated Section 11 damages of $42,839.70.

Given that no other party moving to act as lead plaintiff has suffered larger losses or damages than Miller, the plaintiff most adequately fulfills the requirement under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Further, Miller's losses are significant enough to ensure that he has a sufficient financial stake to remain an active participant in the action and oversee its prosecution.

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 77z-1(a)(3)(B)(iii)(I)(bb). Rule 23(a) states that: One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defense of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. However, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." Lax, U.S. Dist. Ct. at *6.

The court finds that Miller is both typical and adequate under Rule 23(a). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." H. Newberg, Class Actions § 1115(b) at 185 (1977); Resnick v. American Dental Ass'n, 90 F.R.D.

7

530, 539 (N.D.Ill.1981); Edmondson v. Simon, 86 F.R.D. 375, 380-81 (N.D.Ill.1980); De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, *232 (7th Cir. 1983). The claims of the class representative, however, need not be identical to the claims of the class to satisfy typicality. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact. De La Fuente, 713 F.2d at 232; Donaldson v. Pillsbury Co., 554 F.2d 825 (8th Cir.), cert. denied, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977); Resnick, 90 F.R.D. at 539; Edmondson, 86 F.R.D. at 381; Garcia v.Rush-Presbyterian-St. Lukes' Medical Center, 80 F.R.D. 254, 270 (N.D.Ill.1978).

In this case, Miller seeks to represent a class of purchasers who have identical, non-competing and non-conflicting claims. Miller, himself, (1) purchased the Company's stock; (2) at market prices allegedly artificially inflated as a result of the defendants' violations of the federal securities laws; and (3) suffered damages thereby. Thus, the typicality requirement is satisfied since Miller's claims arise "from the same event or course of conduct theory." Rosario v. Lividatis, 963 F.2d 1013, 1018 (7th Cir. 1992), cert. denied, 506 U.S. 1051 (1993). Nevertheless, if discovery in this case shows that the different class periods do significantly affect the nature of the parties' claims, the court may grant a motion to divide the class into appropriate subclasses. See Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D.Cal.1985).

As to adequateness under Rule 23(a) standards, Miller must simply (1) not have claims that are antagonistic to or that conflict with those of other class members, Rosario, 963 F.2d at1018 (7th Cir.1992); (2) have sufficient interest in the outcome of the case to ensure vigorous advocacy, Gammon v. GC Serv. Ltd. Partnership, 162 F.R.D. 313, 317 (N.D.Ill.1995); and (3)

(3) be represented by attorneys who are competent, experienced, qualified, and generally able to conduct the litigation vigorously, id. See also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 WL 634037 (N.D.Ill. Oct.29, 1996) (Plunkett, J.) (listing adequacy criteria). Here, Miller is an adequate representative. The interests of the plaintiff Miller are clearly aligned with the members of the class and there is no evidence of any antagonism between Miller's interests and those of the class. Thus, Miller satisfies the Rule 23 requirements.

The Mayo Group attempts to rebut the statutory presumption in favor of Miller, under 15 U.S.C. 77z-1(a)(3)(B)(iii)(I)(bb), by alleging that neither Miller nor his attorneys have the done necessary research or investigation to make the Class' allegations. As evidence, the Mayo Group points to the fact that the complaint filed by Miller's counsel is a verbatim recitation of each allegation contained in the Mayo complaint. See Linc Corp. v. Apropos Tech., Inc., Case No. 01 C 9219 (N.D. Ill. Nov 30, 2001) (the "Linc Complaint"). The Mayo Group further argues that Miller's lack of a fee arrangement with his chosen counsel is additional evidence that Miller and his counsel are unsuitable.

In this courts view, however, the Mayo Groups objections are hardly enough to rebut the statutory presumption in favor of Miller as the lead plaintiff. In fact, the Mayo Group's concerns with regard to Stull & Stull's ability to adequately and efficiently prosecute this case on behalf of a class are best considered under the Reform Act provisions for selection of a lead counsel.

*2. Selection of Lead Counsel*

Although the PSLRA states that the lead plaintiff can choose counsel, "[t]he decision to approve counsel selected by the lead plaintiff is a matter with the discretion of the district court." In re: Party City Securities Litigation, 189 F.R.D. 91, 114 (D.N.J. 1999); In re: Nice Systems

9

Securities Litigation, 188 F.R.D. at 222 (same); see also Conference Report at 685 ("[Congress] does not intend to disturb the court's discretion under existing law to approve or disapprove the lead plaintiff's choice of counsel when necessary to protect the interests of the plaintiff class."); In Re: Cendant Corporation Litigation, 182 F.R.D. 144, 149 (D.N.J. 1998)(stating that lead plaintiff does not come "inextricably tied to its counsel."). This court will make a determination as to which counsel can most adequately and sufficiently represent a class in this matter subsequent to hearing on the matter.

The plaintiff Miller has chosen Stull to serve as Lead Counsel and Robert D. Allison & Associates ("Allison") to serve as Liaison Counsel. While this court has no reason to doubt the prior experience of the attorneys at Stull and Allison, the court is uncertain about Stull's experience in the current matter. The attorneys for the Mayo plaintiffs, Berman DeValerio, have argued that they are the ones who have brought the case to its current status through extensive research and investigation, and that such efforts by Stull and Allison would either be prohibited due to confidential work-product or duplicated. As evidence of such occurrences, Berman DeValerio point to the fact that it was their plaintiffs who filed the first complaint against the Company, and further, Miller's complaint is an exact duplicate of the Mayo complaint.

Given that plaintiff Miller's counsel have not provided any evidence to suggest that, in fact, Berman DeValerio is not better equipped to represent a class in this matter, this court sees fit to require both firms, as well as any other attorney(s) seeking to participate as lead or liaison counsel, to present evidence at hearing to determine the most appropriate lead and liaison counsel. While this court will not engage in a formal bidding process as some courts have done in lawsuits such as these, see In re Lucent Tech., Inc. Sec. Litig., 194 F.R.D. 137, 156-57

10

(D.N.J.2000); Sherleigh Assocs. LLC v. Windmere- Durable Holdings, Inc., 184 F.R.D. 688, 692 (S.D.Fla.1999); In re Cendant Corp. Litig., 182 F.R.D. 144, 151 (D.N.J.1998), the court will require any firm seeking to be lead or liaison counsel in this matter to submit information as to the agreed fees, how each firm anticipates staffing this matter, and the hourly rates for attorneys and staff. Further this court requires each firm seeking to be lead or liaison counsel in this matter to provide evidence, either written or testimonial, of past efforts in this matter as well as the ability to carry forward such efforts on behalf of any potential class.

Towards that end, each attorney/firm seeking to represent the class as leading counsel shall file with the court a written application, not to exceed 20 pages (including attachments), by February 21, 2002. Said application should set forth the reasons why that attorney/firm should be selected and provide a description as to how the case will be staffed, including the hourly rates of all professionals who will work on the case and an estimate of fees and costs to be assessed.

## Conclusion

For the foregoing reasons, this court has determined that Clive T. Miller shall be the lead plaintiff in these cases and lead and liaison counsel shall chosen subsequent to a hearing.

Enter:

David H. Coar

United States District Judge

Dated: 2/6/02