Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8406 | **DATE** | 8/25/2004 |
| **CASE TITLE** | Clive T. Miller vs. Apropos Technology, Inc., et al (consolidated action - #01 C 8571, 01C 8737, 01 C 8818, 01 C 9219 and 01 C 9807) | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Fairness Hearing held.  No one appeared objecting to the proposed settlement. The Court finds that the class is appropriate under FRCP 23, and notice provisions satisfy the requirements of FRCP 23 . The Court finds the settlement is fair and reasonable, and hereby Approves the Agreement submitted by the parties. The complaint and all consolidated actions are dismissed with prejudice in their entirety on the merits, as against all defendants, as well as all settled claims, without costs to any party.  Defendants are barred and permanently enjoined. Class counsel is awarded, in the aggregate $1,350,000 in attorneys' fees and $265,866.52 as reimbursement of fees. There being no just reason for delay under the meaning of FRCP 54(b), Order & Final Judgment is entered  Any other pending motions are moot and terminated.  Case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 102 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| PAMF | courtroom deputy's initials | date mailed notice | |

Date/time received in central Clerk's Office | mailing deputy initials

U.S. DISTRICT COURT
CLERK
2004 AUG 26 PM 0:45

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

———————————————————— X
                                                        :
CLIVE T. MILLER, on Behalf of Himself and All :
Others Similarly Situated,                              :
                                                        :
                      Lead Plaintiff,                   :        No. 01 C 8406
                                                        :
          v.                                            :        Judge David H. Coar
                                                        :
APROPOS TECHNOLOGY, INC., et al.,                       :
                                                        :
                      Defendants.                       :
———————————————————— )

**DOCKETED**
**AUG 2 7 2004**

## ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE OF CLASS ACTION

Plaintiffs and the Settling Defendants (the Settling Defendants are Apropos

Technology, Inc. ("Apropos"), Kevin G. Kerns, Michael J. Profita, Patrick K. Brady, Catherine

R. Brady, Keith L. Crandell, Ian Larkin, Maurice A. Cox, Jr., George B. Koch, JP Morgan

Securities, Inc., SG Cowen Securities Corporation, U.S. Bancorp Piper Jaffray Inc., Banc of

America Securities LLC, Bear Stearns & Co. Inc., First Union Securities Inc., ABN Amro

Securities LLC, UBS Warburg, Chatsworth Securities, LLC, RBC Dain Rauscher, Soundview

Technology Corp., First Albany Corporation, First Analysis Securities Corporation, Wells Fargo

Van Kasper, Jefferies & Company Inc., Legg Mason Wood Walker, Incorporated, Raymond

James & Associates, Inc., Sanders, Morris Harris Inc. and Sands Brothers & Co., Ltd.), having

executed and filed a Stipulation of Settlement dated April 30, 2004 (the "Stipulation"), the Court

having entered its Preliminary Approval Order thereon on May 6, 2004, directing that notice of

the proposed settlement of the Action be mailed to the members of the proposed Settlement Class

and scheduling a hearing to be held to determine whether the proposed settlement should be approved as fair, reasonable and adequate and to award fees and reimbursement of expenses to Plaintiffs' Counsel; said notice having been given; a hearing having been held on August 12, 2004, at which all interested persons were given an opportunity to be heard; and the Court having read and considered all submissions in connection with the proposed settlement, and having reviewed and considered the files and records herein, the Court finds and concludes that:

The above-captioned action (the "Action") was commenced in December 2001, and the Consolidated Amended Class Action Complaint (the "Complaint") was filed on April 17, 2002. In the Complaint, and in connection with the proposed settlement, Lead Plaintiff Clive T. Miller and the other Plaintiffs have sought to represent a Class (the "Settlement Class") consisting of all persons and entities who acquired the common stock of Apropos pursuant or traceable to the Initial Public Offering of common stock by Apropos from February 17, 2000 to April 10, 2001, inclusive (the "Class Period"). Excluded from the Settlement Class are Defendants herein, members of the immediate family of the individual Defendants, any subsidiary or affiliate of any Defendant, and the directors, officers and employees of any Defendant or their subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Settlement Class are persons and entities who are otherwise members of the Settlement Class as defined herein but who timely exclude themselves from the Settlement Class pursuant to order(s) of the Court.

The Complaint alleged claims for violations of Section 11 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934. Certain of the claims stated in

2

the Complaint were dismissed by this Court in its Memorandum Opinion and Order dated March 31, 2003. The claim which survived this Court's decision on the motions to dismiss is the allegation that Apropos' Registration Statement and Prospectus for its Initial Public Offering which took place on February 17, 2000 omitted and/or misrepresented material facts concerning the role of Apropos' co-founder and director Patrick Brady at the time of the IPO. With respect to that claim, all Settling Defendants have filed Answers to the Complaint denying all of the material allegations of the Complaint and stating affirmative defenses as to both liability and damages.

          The Stipulation between and among the Plaintiffs and the Settling Defendants provides for the settlement of the Action on behalf of the Plaintiffs and all members of the Settlement Class with the Settling Defendants subject to approval by this Court of its terms and to the entry of this Judgment. The Court scheduled a hearing to consider the approval of the Stipulation, and directed that notice of the proposed settlement and hearing be mailed to Class Members.

          In accordance with the Stipulation, and an Order of the Court entered on May 6, 2004, Plaintiffs mailed to the Settlement Class a notice (the "Notice") dated June 3, 2004 and caused to be published on Business Wire, on June 17, 2004, a summary notice (the "Summary Notice") of the proposed settlement of the Action and of the opportunity to object to or be excluded from the Settlement. Affidavits and/or declarations of mailing of the Notice and publication of the Summary Notice were filed with the Court on or about August 18, 2004.

          The Notice and Summary Notice provided to Class Members constitute the best notice practicable under the circumstances and include individual notice to all members of the

3

Settlement Class who could be identified by reasonable effort. The affidavits or declarations of

mailing filed with this Court on or about August 18, 2004 demonstrate that this Court's 1Order

with respect to the Notice and Summary Notice has been complied with and further, that the best

notice practicable under the circumstances was in fact given and constituted valid, due, and

sufficient notice to members of the Settlement Class, complying fully with due process, Rule 23

of the Federal Rules of Civil Procedure, and section 21(D) of the Securities Exchange Act of

1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of

1995, and any other applicable law.

Plaintiffs and the Settling Defendants have applied to the Court for approval of the terms

of the Stipulation and for the entry of this Judgment. Pursuant to the Notice and Summary

Notice, and upon notice to all parties, a hearing was held before this Court on August 25, 2004,

to consider whether the settlement set forth in the Stipulation should be approved by this Court as

fair, reasonable, and adequate and to award attorneys' fees and reimbursement of expenses, plus

interest, to Plaintiffs' Counsel.

**NOW THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY**

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The definitions set forth in the Stipulation of Settlement (the "Stipulation")are

incorporated herein and, unless otherwise indicated, the use of capitalized terms in this Order and

Final Judgment shall have the same meaning as those terms are defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action (and all actions

and proceedings consolidated in the Action), and over the Lead Plaintiffs, all Class Members and

the Defendants.

4

3. The Court finds that Rule 23(e) of the Federal Rules of Civil Procedure, as amended and effective December 1, 2003, governs the proposed settlement in this Action even though the Action was filed prior to December 1, 2003. [March 27, 2003 Order of the Supreme Court of the United States amending the Federal Rules of Civil Procedure effective December 1, 2003, 215 F.R.D. 161 (2003) ("[T]he foregoing amendments to the Federal Rules of Civil Procedure . . . shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.").] Since the amendments to Rule 23 are designed to strengthen the process of reviewing proposed class action settlements and related attorney fee requests, and since application of amended Rule 23 will not prejudice the parties or unnecessarily protract this case, it is just and practicable to apply amended Rule 23 to the Motion. [See, e.g., Advisory Committee Notes to Amended Rule 23(e) ("Subdivision (e) is amended to strengthen the process of reviewing proposed class action settlements.").]

4. The Court finds that the Action satisfies all of the requirements for settlement class certification under Federal Rule of Civil Procedure 23(a), (b)(3) and (e). Specifically, the Court finds, for purposes of settlement only, that:

      (a)      the Settlement Class is so numerous that joinder of all members is impracticable;

      (b)      there are questions of law or fact common to the Settlement Class;

      (c)      the claims of the Plaintiffs are typical of the claims of the Settlement Class;

      (d)      Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

5

(e)     the questions of law or fact common to the members of the Settlement

Class predominate over any questions affecting only individual members,

and that a class action is superior to other available methods for the fair

and efficient adjudication of this controversy.

5.     The Preliminary Approval Order which was entered on May 6, 2004 provided that

members of the Settlement Class had until July 22, 2004 to submit any requests for exclusion

from the Settlement Class, and further provided that members of the Settlement Class who did

submit timely and valid requests for exclusion would not be bound by the Settlement in this case

or by this Judgment. Based on the affidavit or declarations which have been filed in this action

by Lead Counsel for the Lead Plaintiff and the Claims Administrator, and based on upon the

representations of Lead Counsel for the Lead Plaintiff at the Final Fairness Hearing held on

August 25, 2004, the Court finds that no members of the Settlement Class have submitted

requests for exclusion.

6.     All members of the Settlement Class, as above defined, who have not submitted a

timely and valid request for exclusion are bound by this Judgment and by the Settlement,

including the releases provided for in this Judgment.

7.     Neither the Stipulation, nor the Settlement, nor this Order and Final Judgment, nor

any other papers relating to the Settlement, nor any negotiations, discussions or proceedings

herewith (collectively "Settlement Proceedings") shall be construed as an admission by the

Defendants, or by Plaintiffs or the Settlement Class, nor is this Judgment a finding with respect

to the validity of any claims or defenses in the Action or of any wrongdoing, or lack thereof, by

Defendants. Furthermore, the Settlement Proceedings are not a concession by any Defendant, or

6

by any Plaintiff or Class Member, and shall not be used as an admission of any fault or omission, or lack thereof, by any person. Neither the Settlement Proceedings nor any action taken to carry out the Settlement Proceedings are, may be construed as, or may be used as an admission by or against the Defendants, the Plaintiffs, or the Settlement Class of any fault, wrongdoing or liability whatsoever, or of any lack thereof. Entering into or carrying out the Settlement Proceedings shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses of any of the Defendants, or the claims of any of the Plaintiffs or the Settlement Class, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release; except that the Stipulation and the Exhibits may be filed in this Action or related litigation as evidence of the Settlement or in any subsequent action against or by any party, including any Released Party and any member of the Settlement Class and any counsel thereto, to support a defense of res judicata, collateral estoppel, release, or other theory of issue preclusion or similar defense.

8.      The Stipulation and the Settlement are fair, reasonable and adequate as to the Settlement Class, and the Stipulation and the Settlement are hereby finally approved in all respects, and the parties to the Stipulation are hereby directed to consummate and perform its terms.

9.      The Court hereby dismisses the Complaint and the Action (and all actions consolidated into the Action) with prejudice in their entirety, on the merits, as against all Defendants, as well as all Settled Claims (as that term is defined in the Stipulation of Settlement)

7

that were made, could have been made, or could in the future be made, in the Action or in any other action or proceeding as against the Defendants, on the merits, with prejudice in their entirety, and in full and final discharge of any and all Settled Claims against the Defendants and the Released Parties and without costs to any party as against any other, such dismissal to be binding on the Lead Plaintiffs and all Class Members. This Court specifically finds that all Class Members are bound by the Settlement and this Order and Final Judgment.

10.     On the Effective Date as defined in the Stipulation, the Settling Defendants shall be deemed to release and discharge Plaintiffs, Class Counsel and all members of the Settlement Class unconditionally and forever from all claims, rights, liabilities and causes of action in connection with the institution, prosecution or resolution of this Action or the Settled Claims.

11.     On the Effective Date as defined in the Stipulation, each Plaintiff and member of the Settlement Class who has not submitted a timely and valid request for exclusion shall be deemed to fully, finally and forever settle and release any and all Settled Claims against the Defendants and the Released Parties, including all claims known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed, and without regard to the subsequent discovery or existence of different or additional facts. Such settlement and release shall not be construed as releasing, dismissing or discharging Defendants or the Released Parties from or with respect to any claims for "laddering" or other allegedly unlawful activities alleged in <u>In re Initial Public Offering Securities Litigation</u>, 21 MC 92 (SAS), pending in the United States District Court for the Southern District of New York.

12.     Each member of the Settlement Class who did not timely and validly request

8

exclusion is barred and permanently enjoined from commencing and prosecuting, either directly, representatively, or in any other capacity, against the Defendants and the Released Parties, any and all of the Settled Claims.

13.     The Lead Plaintiffs and all Class Members, and with respect to the Lead Plaintiffs and all Class Members who are natural persons, their heirs, executors, administrators, personal representatives, successors, assigns, and with respect to all Class Members who are trustees, guardians, conservators, attorneys-in-fact, or other agents who purchased Apropos shares during the Class Period in such capacity, and those upon whose behalf they act or acted as trustee, guardian, conservator, attorney-in-fact or agent, and with respect to all Class Members who are corporations, partnerships, or other legal entities, their successors and assigns, for and in consideration of the Settlement and other good and sufficient consideration, are hereby permanently barred and permanently enjoined from instituting, maintaining, prosecuting or participating in, either directly or indirectly, any action or other proceeding relating in any way to, or otherwise asserting, any of the Settled Claims, including all Unknown Claims, against any of the Defendants or the Released Parties, and shall conclusively be deemed to have released and forever discharged as by an instrument under seal, any and all Settled Claims including all Unknown Claims, whatsoever against the Defendants and the other Released Parties.  The Lead Plaintiffs, and all other Class Members who have not properly excluded themselves from the Class, shall further and conclusively be deemed to have waived the rights afforded by California Civil Code Section 1542 and any similar statute or law, or principle of common law, of any jurisdiction.

14.     Apropos and all the Released Parties are hereby barred and permanently enjoined

from prosecuting against any Lead Plaintiffs or Class Members and with respect to Lead Plaintiffs and all Class Members who are natural persons, their heirs, executors, administrators, personal representatives, successors and assigns, and with respect to all Class Members, trustees, guardians, conservators, attorneys-in-fact, or other agents who purchased Apropos shares during the Class Period in such capacity, all those upon whose behalf they act or acted as such trustee, guardian, conservator, attorney-in-fact or other agent, and with respect to all Class Members who are corporations, partnerships, or other legal entities, their successors and assigns, and Plaintiffs' Counsel, and each of them, any claim arising out of or relating to the institution, prosecution, assertion or resolution of the Action, except against any Lead Plaintiff, Class Member or Plaintiffs' counsel who or which commences an action or other proceeding in violation of this Order and Final Judgment.

15.     The Court hereby enters a bar order, pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(g)(7), constituting the final discharge of all obligations to all Plaintiffs of the Defendants arising out of the Action (the "Contribution Bar Order"). The Contribution Bar Order shall bar all future claims for contribution arising out of the Action by any person against the Defendants.

16.     Without in any way affecting the finality of this Order and Final Judgment, the Court retains continuing exclusive jurisdiction, over all matters relating to the Action and the Settlement, including but not limited to matters relating to: (a) administration, interpretation, implementation and enforcement of the Settlement and the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) enforcement and administration of the Stipulation including any releases

10

executed in connection therewith; (d) enforcement of this Order and Final Judgment and (e) other matters related or ancillary to the foregoing.

17.     Any determination by the Claims Administrator as to the sufficiency of the claim of any Class Member, or the amount of that claim, either in dollar amount or as a percentage of the Net Settlement Fund, shall be conclusive unless the Class Member timely files an application with the Court disputing the determination.

18.     In the event that the Settlement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated, and all orders entered in connection therewith by this Court shall be rendered null and void.

19.     The costs and expenses associated with the consummation and/or administration of the Settlement shall be paid pursuant to the terms of the Stipulation.

20.     The Court awards Class Counsel, in the aggregate, $1,350,000 in attorneys' fees and $265,866.52 as reimbursement of expenses. The fees and expenses shall be paid to Lead Counsel out of the Gross Settlement Fund, pursuant to paragraph C3 of the Stipulation, five (5) business days after the later of the following two events: the Effective Date (as defined in the Stipulation) and the date the order awarding fees and expenses (whether this Final Judgment or any other order) becomes final. Lead Counsel shall distribute the fees and expenses among Plaintiffs' Counsel in such amounts as shall reflect the judgment of Lead Counsel as to the respective contributions of Plaintiffs' Counsel to the Action and the Settlement. The Court also directs the payment out of the Gross Settlement Fund of $25,000 to Lead Plaintiff Clive T. Miller as a compensatory award for service rendered by the Lead Plaintiff for the Settlement Class.

11

21.     The Private Securities Litigation Reform Act of 1995 requires that [i]n any private action arising under this title [Title I of the Securities Act of 1933, 15 U.S.C. 77a et seq.], upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.  The Court finds that each party and each attorney representing a party in this Action has complied with Rule 11(b) as to the complaints, the Consolidated Amended Class Action Complaint, the Answers to the Consolidated Amended Class Action Complaint and the motions to dismiss filed by defendants with respect to the Consolidated Amended Class Action Complaint.

22.     The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein; and it is expressly determined within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay in the entry of this Order and Judgment of Dismissal and the Clerk of the Court is directed to enter this Judgment forthwith.

23.     Entry of final judgment and final approval of the Settlement settles and disposes of all claims that have been asserted or could have been asserted in the Action.

Dated: Chicago, Illinois
        8/25              , 2004

                SO ORDERED:

                _____
                David H. Coar
                United States District Judge